Eastern District of Kentucky
F I L E D
MAR 13 2020
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

RICHIE E. MAYES,            )
                            )
    Plaintiff,               )   Case No. 5:20-cv-088-HRW
                            )
v.                          )
                            )
M. ROZALSKI, ET AL.,        )   **MEMORANDUM OPINION**
                            )   **AND ORDER**
    Defendants.             )

\*\*\* \*\*\* \*\*\* \*\*\*

Richie E. Mayes is a state pretrial detainee who is currently confined at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without a lawyer, Mayes filed a civil rights complaint against three Lexington police officers, a state prosecutor, and his public defender. [D. E. No. 1]. Among other things, Mayes claims that he is the victim of a false arrest and malicious prosecution in state court, and he suggests that his constitutional right to a speedy trial has been violated. [*See id.* at 2-5]. Ultimately, Mayes asks this Court to award him money damages, direct that the Defendants "lose [their] jobs," and order his immediate release from custody. [*Id.* at 8].

That said, Mayes's complaint is now before the Court on initial screening pursuant to 28 U.S.C. § 1915A, and the Court will dismiss it without prejudice. That is because Mayes's claims directly challenge the viability of the ongoing state

criminal prosecution against him and, thus, abstention is warranted. Indeed, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court made it clear that federal courts should generally abstain from interfering in state court actions that are ongoing, involve important state interests, and provide an adequate opportunity to raise challenges. *See also Fieger v. Cox*, 524 F.3d 770, 774-75 (6th Cir. 2008) (discussing *Younger* abstention). Here, the state criminal case against Mayes is ongoing,[1] that matter obviously involves an important state interest, and Mayes has the opportunity to raise his various challenges during the course of that criminal proceeding. Therefore, this Court will abstain from interfering in Mayes's criminal case, just as it "has abstained from meddling in . . . [other] state court criminal actions." *Stevenson v. Prime Motors*, No. 5:16-cv-421-KKC, 2017 WL 512750, at *3 (E.D. Ky. 2017) (collecting cases).

Accordingly, it is **ORDERED** as follows:

1. Mayes's complaint [D. E. No. 1] is **DISMISSED** without prejudice.

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

---

[1] To be sure, Mayes cites two state cases—*Commonwealth v. Mayes*, No. 19-M-4153 (Fayette Dist. Ct. 2019), and *Commonwealth v. Mayes*, No. 19-M-4088 (Fayette Dist. Ct.)—and, at one point, indicates that these matters were dismissed. [*See* D. E. No. 1 at 2-3]. However, it is clear from the publicly available docket sheets that while these matters started in Fayette District Court, they simply moved over to Fayette Circuit Court once Mayes was indicted by a grand jury. Indeed, the publicly available docket sheet in *Commonwealth v. Mayes*, No. 19-CR-1088 (Fayette Cir. Ct. 2019), shows that Mayes's criminal case remains ongoing, as Mayes himself suggests in his pleading, and that his case is currently set for a jury trial on April 13, 2020.

2

4. The Court will enter a corresponding Judgment.

This 13th day of March, 2020.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge